IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER SEVEN |
| BARBARA MAY CAMILLI, | : | BANKRUPTCY NO.: 5-05-bk-58758 |
| DEBTOR | : | |
| BARBARA MAY CAMILLI | : | {**Nature of Proceeding**: Motion to Vacate Order to Compel Discovery (Doc. 79) and Debtor's Response to Educational Credit Management Corp.'s Certification of Default and Request for Order (Doc. 78)} |
| PLAINTIFF | : | |
| vs. | : | |
| SALLIE MAE SERVICING CORP.; EDUCATIONAL CREDIT MANAGEMENT CORP. (ECMC), | : | |
| DEFENDANTS | : | **ADVERSARY NO.: 5-06-ap-50085** |

# OPINION[1]

This Opinion and Order addresses a Motion to Vacate Order to Compel Discovery and a Response to Defendant, Educational Credit Management Corporation's, Certification of Default and Request for Order, both of which have been filed by the above-captioned Debtor/Plaintiff. For the reasons provided herein, the Court will deny the Motion to Vacate Order to Compel Discovery and, based upon the aforementioned Certification of Default, will dismiss the Complaint initiating this adversary proceeding.

On November 20, 2006, Educational Credit Management Corporation, (hereinafter "ECMC"), filed a Motion to Compel Discovery against the Debtor (Doc. #68). The

---

[1] Drafted with the assistance of Richard P. Rogers, Law Clerk.

[m:\users\cathy\opinions\5-06-ap-50085_Camilli.wpd]

Motion was set for hearing before this Court for November 21, 2006.  The Debtor in her response to ECMC's Certification of Default and Request for Order indicates that she received both the Motion to Compel Discovery by ECMC together with a Memorandum of Law in Support.  The notice of the hearing on the Motion to Compel and objection date was served on the Debtor (Doc. #72).  Following a hearing on the Motion to Compel, which Debtor did not attend, the Court entered a Proceeding Memo/Order of Court granting the Motion to Compel.  The Motion to Compel was accompanied by a Memorandum of Law in Support which was incorporated into the Motion.  The wherefore clause of the Memorandum requested, among other things, that upon certification of a further failure to comply with an Order of the Court directing the Debtor to provide full and complete responses to ECMC's discovery, that the Court dismiss the matter without prejudice to refile.

      On January 15, 2007, ECMC filed a Certification of Default and Request for Entry of Order inconsistent with the wherefore clause of the underlying Motion to Compel by requesting this Court to dismiss the adversary with prejudice.  Before that Certification of Default was acted upon by the Court, the Debtor, on March 6, 2007, filed the instant Motion to Vacate and Response to ECMC's Certification of Default.  The Court thereafter set a hearing on the two matters filed by the Debtor and held a hearing on both matters on April 19, 2007 at which time, once again, the Debtor failed to attend.  Nevertheless, the Court took both matters under consideration.

      The Court will first address the Motion to Vacate the Court's earlier Order of

December 21, 2006. While the Debtor has not indicated in her Motion which procedural mechanism or statute should be used to invoke this Court's jurisdiction to hear the Motion to Vacate, the Court will treat the Motion to Vacate as one brought under both Federal Rule of Bankruptcy Procedure 9023 (New Trials; Amendment of Judgments) and Rule 9024 (Relief from Judgment or Order). Under Rule 9023, a motion should be filed no later than ten days after the entry of the Order which is being questioned by the Movant. A review of the docket reflects that the Motion to Vacate Discovery was filed seventy-five days after the Order was entered. Absolutely no reason was given for the Debtor's delay in filing the Motion to Vacate and, therefore, the Court will deny the Motion to Vacate under Federal Rule of Bankruptcy Procedure 9023 as untimely. Furthermore, the Motion to Vacate also gives no hint of any basis for relief customarily found under Rule 9024 to permit the Court to reconsider and vacate its earlier Order to compel discovery. Without going into details, suffice it to say, that the reasons advanced by the Debtor to attempt to convince this Court to vacate the earlier Order are the type of arguments that would customarily be presented at the time of a hearing on a motion to compel discovery. In fact, had the Debtor attended the initial hearing on the Motion to Compel, the arguments advanced in the Motion to Vacate would have been appropriately raised at that time.

  Having denied the Motion to Vacate, the Court will now address Debtor's Response to the Certification of Default. Once again, a review of the response also indicates that most of the arguments advanced by the Debtor would have been more

[m:\users\cathy\opinions\5-06-ap-50085_Camilli.wpd]    3

Case 5:06-ap-50085-JJT   Doc 85   Filed 07/12/07   Entered 07/12/07 13:23:45   Desc
Main Document   Page 3 of 4

appropriately raised at the time of the initial hearing on the Motion to Compel Discovery. That being said, the Court sees no appropriate reason to stray from enforcing the terms of an earlier Order entered in this adversary. The Debtor does make one valid point that the Motion to Compel, which was granted by this Court, did not seek in the wherefore clause dismissal of the underlying adversary with prejudice should there be a default by the Debtor under the terms of the Order. A review of the wherefore clause of the underlying Motion to Compel requests that upon default, the Court enter an Order dismissing the matter without prejudice to refile by the Debtor. Based upon the foregoing, the Court will enter an Order dismissing the above-captioned adversary without prejudice.

Date:  July 12, 2007                                        BY THE COURT

John J. Thomas, Bankruptcy Judge

(CMS)

*This opinion is electronically signed and filed on the same date.*